Hillsborough
No. 88-202

## THE STATE OF NEW HAMPSHIRE

v.

## KENNETH TUCKER

July 14, 1989

*Jeffrey R. Howard,* acting attorney general (*Mark E. Howard,* attorney, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

SOUTER, J. After ten months had elapsed between arrest and trial on two indictments charging class A felonies, the Superior Court (*Pappagianis,* J.) denied the defendant's motion to dismiss for lack of speedy trial. We affirm his subsequent conviction.

Following the defendant's arrest in April 1987 as a fugitive from prosecution under RSA 637:4 and 638:4, he was extradited from California in May and committed to jail. In July, a member of the public defender's office was appointed to represent him in

anticipation of a December trial. In September, his counsel informally asked the prosecutor for a copy of the police report of a burglary at the defendant's apartment the prior February. Although the State failed to produce it, defense counsel said no more about the report until early December, when he orally asked for it again. On December 11, five days before the trial date, the prosecutor provided the report, which revealed the identity of the burglary suspect. It turned out that he, too, was represented by the public defender, and because the defendant claimed that checks used in the offenses charged against him had been stolen in the burglary, the public defender's motion to withdraw from the defendant's case was granted.

When the defendant chose not to go to trial without counsel in December, the case was continued to February 1988, and in January new counsel was appointed. On February 1, the defendant moved to dismiss for lack of speedy trial in violation of the sixth and fourteenth amendments of the National Constitution and part I, article 14 of the Constitution of New Hampshire.

■ The appeal from denial of the motion is essentially a claim that the trial court was bound to find delay unreasonable in light of the four principal factors relevant under each constitution: length of delay, reason for it, defendant's efforts to obtain an earlier trial, and prejudice suffered. *See Barker v. Wingo*, 407 U.S. 514, 530–33 (1972); *State v. Colbath*, 130 N.H. 316, 319, 540 A.2d 1212, 1213 (1988); *State v. Cole*, 118 N.H. 829, 831, 395 A.2d 189, 190 (1978). We conclude, on the contrary, that the trial judge acted within reason in ruling as he did.

■ The delay of some ten months from arrest to trial is presumptively prejudicial, to the extent of entitling the defendant to review under the remaining *Barker* factors. *See State v. Colbath*, *supra* at 319, 540 A.2d at 1213 (in felony case, delay beyond nine months assumed to warrant review); *cf. State v. Langone*, 127 N.H. 49, 54, 498 A.2d 731, 734 (1985) (in misdemeanor case, ten-month delay presumptively prejudicial). The significance of this ten-month period must be discounted, however, for the fact that extradition took one month, and a continuance for the appointment and preparation of new counsel consumed two; extradition time is chargeable to the defendant, who fled, *State v. Monahan*, 125 N.H. 17, 23, 480 A.2d 863, 866–67 (1984), and the need for new counsel was apparently neither party's fault. Although the defendant calls the prosecutor dilatory in providing the discovery that revealed the need for new counsel with its attendant delay, there is no cause for

blame where the State had no independent duty to provide the material requested, the request was informal, and the prosecutor had no reason to assume that disclosure of the report would prompt counsel's withdrawal. While this still leaves seven months unexplained, there is no suggestion of deliberate delay as to this period.

Weighing the third factor, it is significant that throughout the period of his first counsel's representation the defendant never protested the court's scheduling or raised a speedy trial issue. *State v. Dufield*, 119 N.H. 28, 30, 398 A.2d 818, 819 (1979) (failure to assert weighed against defendant); *cf. State v. Weitzman*, 121 N.H. 83, 86, 427 A.2d 3, 5 (1981) (failure to assert would not generally be held against uncounselled defendant). The defendant did not, indeed, break his silence on the issue until slightly more than three weeks before trial.

■ The fourth and final consideration, whether any prejudice was attributable to the delay, points to nothing substantial in support of the defendant's claim. Although the facts of pretrial incarceration and the anxiety presumed to attend criminal charges are not to be ignored, *Barker v. Wingo*, 407 U.S. at 532, they do not reach a level of great importance over a span of ten months. What is important is the want of any indication of actual prejudice to the conduct of the defense. *See State v. Weitzman, supra* at 87, 427 A.2d at 5. The defense lost no witnesses, *cf. State v. Langone, supra* at 55, 498 A.2d at 735, and no memories appear to have faded during the time in question, *see State v. Colbath*, 130 N.H. at 320, 540 A.2d at 1214.

■ In sum, out of a ten-month wait, the seven months unexplained produced no prejudice to the conduct of the defense and elicited no protest prior to a continuance required, through no fault of the State, in order to effectuate the right to counsel. Dismissal of charges would have been unwarranted.

*Affirmed.*

All concurred.