Merrimack
No. 91-318

## The State of New Hampshire

v.

## Daniel Fletcher

May 28, 1992

*John P. Arnold,* attorney general (*Geoffrey J. Ransom,* attorney, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

JOHNSON, J.   The sole issue presented in this case is whether the Superior Court (*Manias,* J.) erred in finding that the defendant, Daniel Fletcher, was not denied his right to a speedy trial under the Federal and State Constitutions. We affirm the trial court's findings.

On May 20, 1988, the defendant, an inmate at the New Hampshire State Prison, was indicted for assaulting a prison corrections officer. Trial was scheduled for October 3, 1988. On the day of trial, however, the defendant filed a *pro se* motion for a continuance in which he "waive[d] his right to a speedy trial to the extent of any delay caused by the granting of this motion." The trial court granted the motion and rescheduled trial for the week of March 27, 1989.

On March 28, 1989, the day the postponed trial was to take place, defense counsel, acting on the defendant's request, moved to withdraw from the case. The court granted the motion. It subsequently appointed Attorney Rose Duggan to represent the defendant and rescheduled the trial for the week of July 10, 1989.

On July 10, 1989, Ms. Duggan filed a motion to withdraw, explaining that because the defendant had been hospitalized, she was not able to meet with him to prepare for trial. The court granted Ms. Duggan's motion and, on July 21, 1989, appointed a third lawyer, Attorney R. John Roy, to represent the defendant.

On August 2, 1989, the defendant filed a *pro se* motion to dismiss the indictment on grounds that he had been denied a speedy trial. The State objected, stating that "[a]ny delay in bringing the defendant to trial can be attributed to the defendant's actions." No ruling was made on the defendant's motion at this point in the proceedings.

On September 11, 1989, Mr. Roy, a sole practitioner, moved to withdraw from the case because he "lack[ed] sufficient time and personnel" to effectively represent the defendant. Mr. Roy explained that at the time of appointment he "did not realize the time this case

necessitated." The court granted Mr. Roy's motion on October 31, 1989.

On December 20, 1989, the court appointed a fourth attorney, Michael Ryan, to represent the defendant and rescheduled trial for the week of March 19, 1990. However, the judge scheduled to hear the case was unavailable, and the trial was delayed until June 26, 1990.

On August 14, 1990, after trial, the court addressed the defendant's motion to dismiss the indictment on grounds that he had been denied a speedy trial. The defendant originally made this motion on August 2, 1989, and renewed it on the day of trial. The court denied the motion, finding that "the delay in this case is attributable to defendant's actions and the 'practical administration of justice,' and not to any actions by the State."

■ In determining whether the approximately twenty-five-month delay between indictment and trial in this case violated the defendant's speedy trial rights under either part I, article 14 of the State Constitution or the sixth and fourteenth amendments to the Federal Constitution, we apply the four-factor analysis adopted in *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *State v. Colbath*, 130 N.H. 316, 319, 540 A.2d 1212, 1213 (1988). The factors to be considered are: (1) the length of the pretrial delay; (2) the reasons for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant caused by the delay. *State v. Tucker*, 132 N.H. 31, 32, 561 A.2d 1075, 1077 (1989).

■ The first *Barker* factor, the length of the delay, serves as a "triggering mechanism." *Barker supra*. We need not consider the remaining three factors unless the delay is "presumptively prejudicial." *Humphrey v. Cunningham*, 133 N.H. 727, 734, 584 A.2d 763, 767 (1990); *Tucker supra*. In this case, we assume that the delay was "presumptively prejudicial" because it exceeded nine months. *State v. Adams*, 133 N.H. 818, 823, 585 A.2d 853, 855 (1991); *Colbath*, 130 N.H. at 319, 540 A.2d at 1213; *see* SUPER. CT. R. APP. (Superior Court Speedy Trial Policy).

■■ In considering the second *Barker* factor, the reason for delay, we initially discount for any delays which were prompted by the defendant. *See Tucker supra*. "It is elementary that the defendant cannot take advantage of delay that he has occasioned." *State v. Fraser*, 120 N.H. 117, 120, 411 A.2d 1125, 1127 (1980); *see also Adams, supra* at 823, 585 A.2d at 855. In this case, a considerable

portion of the approximately twenty-five-month delay between indictment and trial was caused by the defendant. First, his motion for a continuance delayed the trial for the six-month period from October 3, 1988, to March 28, 1989. Second, his request for a new attorney delayed the trial for the three-month period from March 28 to July 10, 1989. Third, the two-month delay from July 10 to September 11, 1989, was caused by the defendant's hospitalization, which prohibited Attorney Duggan from trying the case on July 10. Thus, the defendant caused approximately eleven months of the twenty-five-month delay, leaving approximately fourteen months subject to further analysis.

The defendant's right to a speedy trial also "'must be considered with regard to the practical administration of justice.'" *State v. Varagianis*, 128 N.H. 226, 228, 512 A.2d 1117, 1119 (1986) (quoting *Riendeau v. Milford Municipal Court*, 104 N.H. 33, 34, 177 A.2d 396, 398 (1962)). Delays attributable to the practical administration of justice are not weighed heavily against the State. *See State v. Zysk*, 123 N.H. 481, 485, 465 A.2d 480, 482 (1983).

We find that the six-month delay from September 11, 1989, to March 19, 1990, attributable to Attorney Roy's withdrawal, falls within the "practical administration of justice." In his motion to withdraw, Mr. Roy explained that he could not devote adequate time and resources to the defendant's case. Trial courts must respect such motions in order to safeguard indigent defendants' constitutional right to effective counsel. To hold the State accountable for delays created by such motions would have a chilling effect on trial courts' willingness to ensure that indigent defendants are represented by well-prepared attorneys.

We also find that the third *Barker* factor, the defendant's assertion of his right to a speedy trial, discourages us from weighing against the State the four-and-one-half-month delay between the May 20, 1988 indictment and the originally scheduled trial date of October 3, 1988. Far from invoking his speedy trial rights on October 3, the defendant moved for a continuance and "waived his right to a speedy trial to the extent of any delay caused by the granting of this motion." Thus, this four-and-one-half-month period, which represented nothing more than the normal delay between indictment and trial, carries little weight in our speedy trial analysis.

This leaves one time period to be considered: the three-and-one-half-month delay from the week of March 19, 1990 to the actual

trial date of June 26, 1990. This delay, caused by the unavailability of the judge scheduled to hear the case, is arguably weighed against the State. However, in light of the foregoing discussion, it is not sufficient to establish a speedy trial violation.

*Affirmed.*

All concurred.