Ansley **PETTIWAY**

v.

**George A. VOSE, Jr. in his capacity as Director of the Rhode Island Department of Corrections.**

**Civil Action No. 95–0514ML.**

United States District Court,
D. Rhode Island.

April 8, 1996.

Janice M. Weisfeld, Assistant Public Defender, Office of the Public Defender, Providence, RI, for Plaintiff.

Jeffrey B. Pine, Attorney General, Andrea J. Mendes, Special Assistant Attorney General, Department of Attorney General, Providence, RI, for Defendant.

*MEMORANDUM AND ORDER*

LISI, District Judge.

This matter is before the court on the objection of the plaintiff, Ansley Pettiway (Pettiway), to a Report and Recommendation filed by United States Magistrate Judge Robert W. Lovegreen. The Report and Recommendation counsels that Pettiway's habeas corpus petition should be dismissed because Pettiway has not shown that the violation of his Sixth Amendment right of confrontation had " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). Pettiway contends that the Magistrate Judge failed to weigh the force of certain excluded testimony against the strength of the inculpatory evidence offered at trial. This court adopts the Magistrate Judge's Report and Recommen-

dation subject to the ensuing discussion and modification.[1]

## I. Background

Pettiway was convicted of one count of first-degree child-molestation sexual assault and one count of second-degree child-molestation sexual assault. *State v. Pettiway*, 657 A.2d 161, 162 (R.I.1995). A person is guilty of first-degree child molestation if "he or she engages in sexual penetration with a person fourteen (14) years of age or under." R.I.Gen. Laws § 11–37–8.1. Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, and anal intercourse, or any other intrusion, however slight, by any part of a person's body or by any object into the genital or anal openings of another person's body, but emission of semen is not required." R.I.Gen. Laws § 11–37–1(8). A person is guilty of second-degree child molestation if "he or she engages in sexual contact with another person fourteen (14) years of age or under." R.I.Gen.Laws § 11–37–8.3. Sexual contact is defined as the "intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification, or assault." R.I.Gen.Laws § 11–37–1(7). Intimate parts are defined as the "genital or anal areas, groin, inner thigh, or buttock of any person or the breast of a female." R.I.Gen.Laws § 11–37–1(3).

On direct appeal, Pettiway argued that his constitutional rights were violated as a result of the trial justice's limitation of cross-examination of the complaining witness. *Pettiway*, 657 A.2d at 162. Specifically, the trial justice refused to admit into evidence a Department of Children, Youth, and Families' report in which the complaining witness reportedly told a Department of Children, Youth, and Families' investigator that she had been sexually abused by two other men subsequent to the molestation by Pettiway. *Id.* at 163. The trial judge also refused to allow defense counsel to question the victim about these allegations. *Id.* The Rhode Island Supreme Court held that although the trial justice's evidentiary rulings had violated Pettiway's Sixth Amendment right to confrontation, such error was "harmless beyond a reasonable doubt." *Id.* at 164.

Pettiway now contends that the Magistrate Judge failed to apply the correct legal analysis to the allegations contained in his habeas corpus petition. Pettiway avers that the Magistrate Judge failed to undertake the required balancing of the force of the excluded evidence against the strength of the state's case. *See Bowling v. Vose*, 3 F.3d 559, 563 (1st Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1236, 127 L.Ed.2d 580 (1994). Pettiway argues that had the Magistrate Judge "properly weighed the compelling force of the excluded evidence—that the complainant was unworthy of belief in this case because she was engaged in a pattern of accusing her mother's boyfriends of molesting her—against the equivocal and weak evidence produced by the state, he would have come to the inescapable conclusion that the Sixth Amendment violation indeed had a substantial and injurious effect or influence in determining the jury's verdict." Petitioner's Memorandum In Support Of Objection to Report and Recommendation at 3–4. This court disagrees with Pettiway's sweeping allegation.

■ Both parties agree that Pettiway's Sixth Amendment right of confrontation was violated. It is well settled, however, that a trial-type constitutional error ·"must have been sufficiently ·prejudicial" to Pettiway's rights to warrant habeas relief. *Bowling*, 3 F.3d at 562. In order to reach this "sufficiently prejudicial" threshold the habeas petitioner must show that the prejudicial error had " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht*, 507 U.S. at 623, 113 S.Ct. at 1714 (quoting *Kotteakos*, 328 U.S. at 776, 66 S.Ct. at 1253). Where testimony has been unconstitutionally excluded, the First Circuit has further defined the *Brecht* standard, refining

---

1. This court need not reiterate the facts underlying the conviction because they have been adequately reported in both the Report and Recommendation and in *State v. Pettiway*, 657 A.2d 161 (R.I.1995). Likewise, this court need not restate the law surrounding 28 U.S.C. § 2254 as the Magistrate Judge's report adequately sets forth the applicable legal standards.

the inquiry to entail "a determination of the exact nature and force of [the excluded] testimony and an effort to place [the] testimony within the context of the evidence as a whole. In short, the weight of [the] testimony must be balanced against the weight of the inculpatory evidence in [the] case...." *Bowling*, 3 F.3d at 563.

## II. Discussion

### a. Inculpatory Evidence

In order to apply the *Bowling* test, this court must examine the inculpatory evidence adduced at trial. There were three primary sources of inculpatory evidence: the victim's testimony, Pettiway's written confession, and Pettiway's oral confession to the Warwick police. The inculpatory evidence is summarized as follows.

The victim's testimony described eleven incidents of sexual molestation by Pettiway. *Pettiway*, 657 A.2d at 162. She described one incident in 1989 where Pettiway touched her breast and penetrated her vagina with his fingers. *Id.* In his written confession Pettiway admitted to digital penetration of the victim's vagina and touching the breast of the victim. *Id.* at 163. Pettiway also admitted that he "touch [sic] her 3 times." In addition to the victim's testimony and Pettiway's written confession, the jury heard testimony from two Warwick police detectives who arrested Pettiway and took his confession. Both detectives testified that Pettiway was advised of and waived his constitutional rights. During questioning by the detectives, Pettiway admitted to sexually touching and digitally penetrating the victim. Pettiway's admissions were subsequently reduced to writing and that writing was introduced as the confession discussed above.

### b. The Excluded Testimony

Under prevailing First Circuit law, this court must determine "the exact nature and force of the [excluded] testimony." *Bowling*, 3 F.3d at 563. At trial, Pettiway sought to introduce a Department of Children Youth and Families' report in which the victim stated that she had been molested by two of her mother's boyfriends after Pettiway had mo-

lested her. *Pettiway*, 657 A.2d at 162. In addition to the introduction of the report, Pettiway's counsel sought to cross-examine the victim about these other allegations. *Id.*

Pettiway claims that the excluded evidence would have established that the victim had a pattern of accusing her mother's boyfriends of sexual abuse. Pettiway argues that the introduction and development of evidence of this alleged "pattern" would have eroded the victim's credibility. Presumably, Pettiway would have argued to the jury that the victim engaged in an alleged pattern of falsely accusing her mother's paramours. From this supposition, Pettiway would have the jury infer that her accusation against him was also a fabrication. Pettiway concedes however, that the victim's accusations with respect to the other two boyfriends were "neither recanted nor otherwise proven false." *Id.* at 163.

### c. The Bowling Balancing Analysis

In *Bowling*, the habeas petitioner, convicted of first degree arson, claimed that the trial judge impermissibly excluded an alibi witness in violation of his Sixth Amendment rights. *Bowling*, 3 F.3d at 560. In discovery, the prosecutor stated that the fire started between 11:00 p.m. and 12:00 a.m. on June 7, 1986. *Id.* Because the defendant was unaware of any alibi for that time period, he did not offer the required notice to the prosecution that he would be presenting an alibi defense. *Id.* At trial, during the state's case, a fire investigator testified that the fire actually started between thirty to forty-five minutes before it was discovered, leading defense counsel to calculate that the fire actually started between 10:49 and 11:04 p.m. *Id.* After reviewing an affidavit and interviewing a prospective witness, defense counsel determined that the defendant could present an alibi defense. *Id.* at 560–61.

After the state closed its evidence, defense counsel requested that the court allow him to call his "new" alibi witness. *Id.* The trial judge denied the request based upon the premise that defense counsel had been given the so-called "new" alibi witness' statement well before trial and that statement sufficiently raised the possibility of an alibi. *Id.*

at 561. The trial judge concluded that the defendant, by failing to disclose his reliance on an alibi witness, had violated Rule 16 of the Rhode Island Rules of Criminal Procedure. *Id.* As a sanction for this discovery violation the trial judge excluded the alibi evidence. *Id.; see also Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). Upon its review, the district court concluded that there was no error of constitutional dimension and denied habeas corpus relief. *Bowling v. Vose,* No. 91–0472B (D.R.I. filed Nov. 13, 1992). On appeal, the First Circuit found constitutional error in the trial court's exclusion of the alibi evidence and remanded the case to the district court for a determination regarding whether the constitutional error was sufficiently prejudicial to warrant habeas relief. *Bowling,* 3 F.3d at 562–63. The test articulated by the First Circuit in *Bowling* instructs the district court to consider the weight of the excluded evidence against the backdrop of the inculpatory evidence admitted at trial. *Id.* If the habeas petitioner can demonstrate that the trial error had " 'substantial [and]² injurious effect or influence in determining the jury's verdict' " the petition for federal habeas relief ought to be granted. *Id.; Brecht,* 507 U.S. at 623, 113 S.Ct. at 1714 (quoting *Kotteakos v. United States,* 328 U.S. at 776, 66 S.Ct. at 1253).

The first consideration then is the verdict itself. Although the trial court submitted five counts of sexual abuse to the jury, the jury returned a verdict of guilty on only two. As to the remaining three counts, the jury found Pettiway not guilty. Pettiway interprets the "split decision" of the jury as evidence that the jury disregarded Pettiway's confession in its entirety since, as Pettiway argues, he admitted in his confession to five acts of abuse. Pettiway's argument, however, misses the mark. As Magistrate Judge Lovegreen observed, and this court agrees, in addition to his admissions of one instance of sexual penetration and one instance of sexual contact, Pettiway's confession makes

reference to three additional instances where he "touch [sic]" the victim. Pettiway, however, does not describe these three instances of touching, nor does he specify what part of the victim's body he touched. Consequently, the nebulous references to these "touchings" carry little legal significance. Additionally, since no allegations of error are raised with regard to jury instructions, this court assumes that the jury adequately listened to and applied the trial judge's specific instructions regarding the elements to be proved to establish a sexual assault.

In that same written confession, Pettiway clearly admits to one act of digital penetration and one act of sexual contact. The verdict on the two counts of the indictment charging Pettiway with sexual penetration and sexual contact respectively points to the jury's reliance on Pettiway's confession, not away from it as Pettiway argues. On the basis of the record now before this court, Pettiway's confession was corroborated by the testimony of the two Warwick police detectives who heard his oral confession and asked him to reduce those admissions to writing. Pettiway's admissions are further corroborated by the victim's testimony regarding Pettiway's sexual molestation of her over a period of time.

It is against the weight of this considerable quantum of inculpatory evidence that this court must weigh the potential exculpatory effect of the excluded evidence. As noted above, the crux of Pettiway's argument is that the introduction of the victim's allegations against her mother's two boyfriends would have established a pattern of false accusations; ergo her credibility having been eroded by the revelation of two other accusations, the accusation against Pettiway would likewise be suspect. However, Pettiway points to no specific evidence to suggest that the victim was less than truthful with regard to these allegations and readily admits that the accusations were neither recanted nor proven false.

---

**2.** The court notes that there appears to be a typographical error in the *Bowling* decision. *Bowling* states that the *Brecht* and *Kotteakos* test is that the trial error must have a "substantial *or* injurious effect...." *Bowling,* 3 F.3d at 562 (emphasis added). The test is that the trial error must have a " 'substantial *and* injurious effect....' " *Brecht,* 507 U.S. at 623, 113 S.Ct. at 1714 (emphasis added) (quoting *Kotteakos,* 328 U.S. at 776, 66 S.Ct. at 1253).

The petitioner's burden in a federal habeas corpus petition is to demonstrate that the trial court error had " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht,* 507 U.S. at 623, 113 S.Ct. at 1714 (quoting *Kotteakos v. United States,* 328 U.S. at 776, 66 S.Ct. at 1253). Pettiway has fallen far short of making the requisite showing in this case. The fact that the victim had made accusations against two other men would not in any way detract from the most damning evidence of Pettiway's guilt: his own oral and written admissions. In this respect this case is distinguishable from *Bowling.* In *Bowling* the excluded evidence was alibi testimony which would have directly contradicted the state's case. However, in the instant case, Pettiway's proffered evidence and contention that the victim's credibility would have been destroyed mounts only a tangential attack against the state's case and leaves Pettiway's confession intact.

Having considered the nature and force of the excluded evidence and having evaluated its potential effect on the compelling mass of inculpatory evidence, this court is not persuaded that the excluded evidence would have had a substantial and injurious effect on the jury's verdict.

Although Pettiway alleges that the Magistrate Judge made five discrete errors in his Report and Recommendation, all of Pettiway's alleged errors emanate from his contention that the Magistrate Judge failed to engage in the proper weighing analysis as outlined in *Bowling.* To the extent that Pettiway raises any argument beyond the *Bowling* issue, this court deems it to be without merit.

For these reasons, the recommendation of the Magistrate Judge is adopted. The petition for habeas corpus is denied.