Fletcher v. NH Dept. Corrections     CV-95-506-M    04/07/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Daniel Fletcher

     v.                                    Civil No. 95-506-M

Commissioner, New Hampshire
Department of Corrections, et al.

## O R D E R

     Daniel Fletcher, appearing pro se, petitions for a writ of
habeas corpus pursuant to 28 U.S.C.A. § 2254 on three grounds:
(1) whether he was denied his right to a speedy trial; (2)
whether his sentence was excessive and thus in violation of his
Eighth Amendment right not to be subjected to cruel and unusual
punishment; and (3) whether the New Hampshire Sentence Review
Board panel impartially reviewed his sentence.  The defendants
have moved for summary judgment, and Fletcher has not objected.
For the following reasons, summary judgment is granted in favor

of the defendants,[1] and Fletcher's habeas corpus petition is denied.

## BACKGROUND

The incident resulting in the conviction and sentence Fletcher challenges in his habeas petition occurred on April 5, 1988, while Fletcher was an inmate at the New Hampshire State Prison. On that day, Fletcher was transferred from one tier to another in the secure housing unit. He was upset because he was not allowed to pack his own belongings for the move. When the guard who accompanied Fletcher during his transfer returned to deliver his lunch, Fletcher threw a bowl of hot soup back through the food opening, hitting the guard in the face, neck, and

---

[1] Fletcher is a New Hampshire prisoner, convicted and sentenced by a New Hampshire state court, but is presently incarcerated at the Wagner Youth Correctional Facility in Bordentown, New Jersey. For that reason, apparently, Fletcher has included New Jersey Department of Corrections officials as defendants in his petition for habeas corpus. The New Jersey Corrections Department defendants have notified the court, by means of a letter (copied to Fletcher and the New Hampshire Attorney General) that they are not proper parties and ask to be dismissed. In this district, the Local Rules require that motions, such as the New Jersey defendants' request to dismiss them from the case, must be filed in proper form or may be stricken from the record. See LR 5.2 and 7.1. Because Fletcher's petition for habeas relief is resolved on the merits, however, it is unnecessary to separately address the status of the New Jersey defendants or require them to comply with local procedural rules at this stage.

2

shoulder.  The guard was treated in the hospital for first degree burns.

Fletcher was indicted on May 20, 1988, for assaulting a prison guard.  His trial was originally scheduled for October 3, 1988, but was delayed until June 26, 1990.  Following a jury trial, he was convicted of assault by a prisoner in violation of New Hampshire Revised Statute Annotated § 642:9 and was sentenced on December 7, 1990, to serve three and one half to seven years in the New Hampshire State Prison.  He appealed his conviction on grounds that he was denied his right to a speedy trial, and challenged his sentence on grounds that it was excessive in relation to the crime.  The New Hampshire Supreme Court accepted appeal on the speedy trial issue and denied, without explanation, appeal of his sentence, and then affirmed his conviction.  See State v. Fletcher, 135 N.H. 605 (1992).

In the meantime, on April 19, 1991, Fletcher's sentence was affirmed by New Hampshire Superior Court Judges DiClerico, Murphy, and Cann, serving as a panel of the Superior Court's Sentence Review Board.  Thereafter, Fletcher moved to recuse all three judges on grounds that they had participated in earlier matters involving Fletcher; he also asserted other alleged biases.  While Judges Murphy and Cann found no bases to justify

3

their recusal, Judge DiClerico recused himself from the panel because he had presided at Fletcher's arraignment, although Fletcher failed to raise the issue at the sentence review hearing. As a result, a rehearing before Judges McHugh, Mangones and Perkins was held and on July 19, 1991, that panel also affirmed Fletcher's sentence. Fletcher, through counsel, then moved to set aside the decision due to bias based on Judge McHugh's previous participation in the case. When his motion was denied, Fletcher, again represented by counsel, filed a second notice of appeal to the New Hampshire Supreme Court which was dismissed as having been untimely filed.

## DISCUSSION

In his petition for habeas relief, Fletcher again contends that he was unconstitutionally denied a speedy trial, that his sentence was excessive, and that bias infected the panel of the Sentence Review Board that affirmed his sentence. Defendants move for summary judgment asserting that Fletcher cannot prevail on any of the grounds he asserts for habeas relief.

Summary judgment is appropriate if the parties' submissions show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

4

Fed. R. Civ. P. 56(c); see Fed. R. Civ. P. 81(a)(2)(Federal Rules of Civil Procedure apply in habeas proceedings to the extent not inconsistent with practice established by statute); Rules Governing § 2254 Cases, Rule 11 (same). In a § 2254 action, "a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit" listed deficiencies in the state proceeding. 28 U.S.C.A. § 2254(d).[2] The petitioner carries the burden to prove by

---

[2] Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1218 (April 24, 1996). The parties do not address the amendment, apparently assuming that the pre-amendment version of the statute applies in this case, which was filed before April 24, 1996. Retroactive application of the amendment is an unsettled question of law. See, e.g., Berryman v. Morton, 100 F.3d 1089, 1103-04 (3d Cir. 1996)(discussing difference in circuits' opinions on the issue); Lindh v. Murphy, 96 F.3d 856 (7th Cir. 1996)(en banc)(holding amendment applied retroactively in non-capital cases), cert. granted,117 S. Ct. 726 (1997). It is unnecessary to resolve that issue in this case, however, because the amendment makes habeas relief more difficult, see Pettiway v. Vose, 100 F.3d 198, 200 n.1 (1st Cir. 1996), and even under the more lenient pre-AEDPA rules petitioner is not entitled to relief.

"convincing evidence" that the state court's factual findings are erroneous. § 2254(d); see also Sumner v. Mata, 449 U.S. 539, 551 (1981). While the state court's findings of historical fact are presumed to be correct, legal conclusions and determinations based on mixed questions of law and fact are subject to de novo review. See Thompson v. Keohane, 116 S. Ct. 457, 464-67 (1995); Scarpa v. Dubois, 38 F.3d 1, 9 (1st Cir. 1994), cert. denied, 115 S. Ct. 940 (1995). Fletcher's asserted grounds for habeas relief are reviewed in light of the applicable standard.

## A. Speedy Trial

Once charged with a crime, a criminal defendant is guaranteed a "speedy" trial. U.S. Const. amend. VI. Whether the right to a speedy trial has been violated requires examination of four factors: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Doggett v. United States, 505 U.S. 647, 651 (1992)(citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). The speedy trial analysis is generally triggered when at least a year

elapses between the time of accusation and trial for the crime accused. See Doggett, 505 U.S. at 652 n.1.

On appeal of the speedy trial issue in Fletcher's case, the New Hampshire Supreme Court made the following factual findings, see Fletcher, 135 N.H. at 606-607, which Fletcher has not challenged nor do they appear to suffer from any of the deficiencies listed in § 2254(d). Fletcher was indicted on May 20, 1988, and trial was scheduled for October 3, 1988. The day of trial, Fletcher filed a pro se motion in which he asked for a continuance and waived his right to a speedy trial for the delay caused by the continuance. The trial was then reset for March 28, 1989. On that day, however, Fletcher's appointed attorney, acting on Fletcher's direction, moved to withdraw, and his motion was granted. The trial was rescheduled for the week of July 10, 1989, and a new attorney was appointed to represent Fletcher. On July 10, this attorney filed a motion withdraw because she had not been able to meet with Fletcher due to his hospitalization. Her motion was granted and a third attorney was appointed to represent Fletcher.

On August 2, 1989, Fletcher filed a pro se motion to dismiss the indictment against him asserting that he had been denied his right to a speedy trial. Fletcher's third appointed attorney

7

moved to withdraw from the case on September 11 on grounds that as a sole practitioner, he lacked time and resources to effectively represent Fletcher.  His motion to withdraw was granted on October 31, 1989, and a fourth attorney was appointed on December 20.  The case was scheduled for trial the week of March 19, 1990, but was delayed until June 26 because of a scheduling conflict with the judge to whom the case was assigned. After trial, on August 14, 1990, the court addressed Fletcher's motion to dismiss the indictment for lack of a speedy trial and denied the motion.

In all, there was a twenty-five month delay between the date of Fletcher's indictment and his trial, which delay qualifies as presumptively prejudicial.  See United States v. Mala, 7 F.3d 1058, 1062 n.3 (1st Cir. 1993), cert. denied, 511 U.S. 1086 (1994).  However, eleven months of that delay was caused by Fletcher.  Fletcher, 135 N.H. at 608.  As the remaining fourteen months still require examination, see Doggett, 505 U.S. at 652 n.1, that period must be examined in light of the remaining Barker/Doggett factors.

The remaining fourteen month period consists of the four and one- half months that elapsed between the May 20, 1988, indictment and the original trial date of October 3, 1988; a six-

8

month delay between September 11, 1989, to March 19, 1990, after Fletcher's third appointed attorney withdrew due to the pressures of his practice; and the three-and-a-half month delay between March 19 and the date of trial on June 26, 1990, due to a conflict in the assigned judge's schedule. The New Hampshire Supreme Court found that while all fourteen months might be attributed to the state, most of remaining delay was due to the "practical administration of justice" which, under state law, is not to be weighed heavily against the state. See Fletcher, 135 N.H. at 608.

This court accepts the factual determinations previously made that all fourteen months are attributable to the state and that Fletcher asserted his right to a speedy trial. Applying federal law to assess the cause of the delay, it is clear that the remaining delay was not deliberately caused by the state; at most it was the result of mere administrative inattentiveness and competing demands upon the court's schedule, and thus it is weighted less heavily in balancing the Barker factors. Barker, 407 U.S. at 531.

The fourth factor, prejudice caused by the delay, is to be assessed in light of defendants' interests served by the speedy trial right: "(i) to prevent oppressive pretrial incarceration;

9

(ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532. When a defendant is incarcerated for reasons other than pretrial detention on the charged crime, prejudice may still arise from other effects of delay such as impairment of defendant's parole opportunity. See Moore v. Arizona, 414 U.S. 25, 27 (1973). However, to implicate a defendant's speedy trial right, prejudice resulting from delay must be at least significant, not minimal. See Barker at 534; see also United States v. Loud Hawk, 474 U.S. 302, 314 (1986).

Fletcher contends that he was prejudiced by the fourteen months of delay because the parole board refused to consider his eligibility for parole during the pendency of the indictment. The state argued, in its objection to Fletcher's motion to dismiss the indictment, before the state trial court[3] that Fletcher's prison disciplinary record would not have permitted parole in any case. The state court found: "since there was no

---

[3] The trial court was the last state court to consider and present a judgment on the prejudice issue as the New Hampshire Supreme Court affirmed the judgment without explicitly addressing prejudice. See Fletcher, 135 N.H. at 608. Thus, as the trial court's factual findings on the prejudice issue represent the last reasoned state judgment on the issue and the issue was not procedurally barred later, the trial court's findings remain in place. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

10

guarantee that defendant would be granted parole had the parole board considered his case during the time his indictment for second degree assault was pending, any prejudice to defendant as a result of this delay is speculative." While it may not be necessary under a federal standard to show that parole was otherwise "guaranteed" in order to demonstrate prejudice, a defendant must be able to point to some reasonable chance of achieving parole that was lost due to the delay in trial to establish that the delay was significantly prejudicial. See, e.g., United States v. Henson, 945 F.2d 430, 438 (1st Cir. 1991); United States v. Cyphers, 556 F.2d 630, 636 (2d Cir.), cert. denied, 431 U.S. 972 (1977).

On the record presented here, Fletcher has not made the necessary showing that his parole opportunity was significantly prejudiced. As Fletcher has offered no reason to discount the state court's factual finding, it is presumed to be reliable. See § 2254(d). A speculative chance at parole, as found by the state trial court, that was delayed by fourteen months, is insufficient to establish that Fletcher was prejudiced by that delay in the speedy trial context. Moreover, a fourteen month delay, unjustified but not deliberate, is not sufficiently protracted to constitute the kind of persistent neglect from

11

which evidentiary prejudice might be presumed. See Doggett, 505 at 657; see also, e.g., United States v. Clark, 83 F.3d 1350, 1353-54 (11th Cir. 1996) (fourteen and one-half month delay due to government negligence insufficient to allow prejudice presumption); Hakeem v. Beyer, 990 F.2d 750, 764 (3d Cir. 1993) (same).

As there is no genuine dispute as to material facts, and on this record Fletcher's right to a speedy trial was not violated by the state court proceedings, the defendants are entitled to judgment as a matter of law on Fletcher's speedy trial claim.

## B.  Length of Sentence in Relation to Crime

Fletcher contends that his sentence is so disproportionate to his crime — assaulting a prison guard — that it violates the Eighth Amendment.  The Eighth Amendment, however, in proscribing cruel and unusual punishments, "forbid[s] only extreme sentences that are significantly disproportionate to the underlying crime." United States v. Graciani, 61 F.3d 70, 76 (1st Cir. 1995) (citing Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (opinion of Kennedy, J.)).  In addition, statutorily mandated sentences are to be accorded substantial deference as the constitution does not require legislatures to achieve perfect balance between crimes

12

and legislated punishments.  <u>United States v. Saccoccia</u>, 58 F.3d
754, 788 (1st Cir. 1995), <u>cert. denied</u>, 116 S.Ct. 1322 (1996).

Fletcher was convicted of an assault by a prisoner, a Class
B felony.  N.H. Rev. Stat. Ann. § 642:9, III (1986).  His
sentence, three and one-half years to seven years, is mandated
for Class B felonies.  N.H. Rev. Stat. Ann. § 651, II(b) (1986).
Under the applicable standard, Fletcher's sentence is neither
extreme nor so significantly disproportionate to his crime as to
overcome the deference allowed the legislature to establish
fitting sentences for particular criminal behavior.

The defendants are entitled to summary judgment as to
Fletcher's Eighth Amendment claim.

C.  **<u>Impartiality of the Sentence Review Panel</u>**

Fletcher's last ground for habeas relief is that the panel
of the Sentence Review Board that affirmed his sentence was not
impartial because one of the three judges had previously
participated in a proceeding in the same case.  The defendants
first argue that Fletcher's claim does not state a federal
constitutional basis for habeas relief since federal law does not
require that states even provide postconviction review of state
convictions (or sentences).  While the defendants are correct

13

that many circuits, including the Eighth Circuit cited by the defendants, have taken that position, the First Circuit has apparently followed a different course. <u>Compare</u> <u>Williams-Bey v.</u> <u>Trickey</u>, 894 F.2d 314,317 (8th Cir.) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding."), <u>cert. denied</u>, 495 U.S. 936 (1990), <u>with</u> <u>Dickerson v. Walsh</u>, 750 F.2d 150, 153 (1st Cir. 1984) (declining to follow other circuits in denying habeas review of state postconviction proceedings).

Nevertheless, the issue of impartiality of the Sentence Review Board, as raised by Fletcher both here and in his notice of appeal to the New Hampshire Supreme Court, makes no mention of any federal statutory or constitutional ground for relief. <u>See</u> 28 U.S.C.A. § 2254(a). Instead, Fletcher attached, and now attacks again, the sentence review process as having violated state law.[4] Although a habeas petition may challenge the

---

[4] Specifically, Fletcher raises the following grounds in support of his habeas petition, which are identical to those listed in his state notice of appeal from the decision of the Sentence Review Board: "Whether RSA 651:57, the Rules of the Superior Court, and the so-called reasonableness standard which prohibits any appearance of Bias compel a Judge who has previously entered an order in a criminal case to recuse himself from sitting on a Sentence Review Panel in the same matter." State law only requires that judges on the Review Board not

14

constitutionality of the state's administration of its own laws, such as the sentence review process, see Dickerson, 750 F.2d at 153, Fletcher does not seem to have done so.

In addition, although the parties have not addressed the question, the record shows that the New Hampshire Supreme Court denied Fletcher's appeal of the Sentence Review Board's decision as untimely filed. More specifically, the court denied the "motion for late entry of appeal" and then, treating the notice as a petition for writ of certiorari, dismissed it "as untimely filed." Thus, it would appear that the issue pertaining to the Sentence Review Board (if it were construed to include a federal constitutional ground) was procedurally defaulted.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). For a state

---

review sentences that they imposed. N.H. Rev. Stat. Ann. § 651:57 (Supp. 1995).

15

procedural rule to constitute independent and adequate state grounds sufficient to bar federal habeas review, the state must have applied the rule consistently and must not have waived it in the particular case by relying on other alternative grounds. Burks v. Dubois, 55 F.3d 712, 716 (1st Cir. 1995). It is likely that the New Hampshire Supreme Court's requirements for filing appeals and for suspension of the requirements, Supreme Court Rules 7(1) and 1,[5] are consistently applied and would meet the standard for independent and adequate state grounds. See, e.g., Prime Financial Group, Inc. v. Masters, 676 A.2d 528, 529-30 (N.H. 1996); Germain v. Germain, 137 N.H. 82, 84-85 (1993); see also Wise v. Williams, 982 F.2d 142, 143-44 (4th Cir. 1992) (discussing Virginia's time limit for notice of appeal including that exceptions to the requirement do not defeat the conclusion that it is consistently applied), cert. denied, 508 U.S. 964 (1993). Because this issue has not been addressed by the parties and because Fletcher cannot succeed on the merits of his claim of bias, the court will not rest denial of habeas relief upon what appears to be a procedural default.

---

[5] It is unclear what timeliness requirement the court applied to alternatively deny the notice of appeal as a petition for writ of certiorari.

16

Broadly interpreting Fletcher's description of the Sentencing Review Board panel's lack of impartiality to include a due process claim under the Fourteenth Amendment, his petition suggests a cognizable federal ground for habeas relief. To show unconstitutional bias, however, Fletcher must "overcome a presumption of honesty and integrity in those serving as adjudicators" by identifying an influence strong enough that it "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." Withrow v. Larkin, 421 U.S. 35, 47 (1975). A speculative, contingent, or remote interest does not violate the due process requirement. Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 826 (1986).

Fletcher asserts that Judge McHugh was biased against him because he previously participated in his case by issuing an order to the New Hampshire Department of Corrections to prepare a new pre-sentence investigation report after Fletcher refused to meet with a probation officer for that purpose. As described by Fletcher, any possible bias is speculative, at best, and Judge McHugh's prior contact with Fletcher was remote. As the record does not support any suggestion of bias, much less establish even a potential for actual bias or prejudgment against Fletcher by

17

the panel of the Sentence Review Board, or any of its members, defendants are also entitled to summary judgment on this asserted basis for habeas relief.

## CONCLUSION

After careful review of Fletcher's petition for a writ of habeas corpus and defendants' motion for summary judgment, defendants' motion (document no. 21) is granted, Fletcher's petition (document no. 3) is denied.  The clerk of court is directed to enter judgment accordingly.

**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

April 7, 1997

cc:  Daniel Fletcher, pro se
     Richard J. Lehmann, Esq.